```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

STEVE OKEN, as parent and
natural guardian, on behalf of
J.O., a minor,

    Plaintiff,

v.                                  Case No. 8:12-cv-782-T-33MAP

CBOCS, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant Cracker Barrel's[1] Motion for Summary Judgment (Doc. # 26), filed on April 2, 2013. Plaintiff Steve Oken, who has not been represented by counsel since the withdrawal of his attorney on March 14, 2013 (Doc. # 23), failed to file a timely response in opposition to the Motion. On April 22, 2013, this Court entered an Order directing Oken to file a response to the Motion, and warning Oken that failure to respond would result in the Court considering the motion to be unopposed. (Doc. # 27). Despite this extended opportunity to respond to the Motion,

---

[1] Defendant CBOCS, Inc. has referred to itself as "Cracker Barrel" throughout this litigation. (Doc. # 1 at 1; Doc. # 26 at 1). The Court will likewise refer to Defendant as "Cracker Barrel" herein.

Oken has failed to do so. Accordingly, the Court considers the Motion for Summary Judgment as an unopposed motion.

However, the Court is not permitted to grant the Motion for Summary Judgment solely because the Motion is unopposed. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). In the instant case, after reviewing the entire record and viewing the evidence in the light most favorable to Oken as the non-movant, the Court grants Defendant's Motion for Summary Judgment.

I. **Background**

On August 28, 2009, J.O., the minor[2] son of Steve Oken, fell down while inside the restroom of a Cracker Barrel restaurant. (Doc. # 2 at ¶ 4; Doc. # 26 at ¶ 3). Oken and J.O. had visited Cracker Barrel that day not to eat lunch at the restaurant, but to buy "maple leaf candies" at the retail store. (J.O. Dep. Doc. # 24-1 at 94). Upon arriving at Cracker Barrel, J.O. walked into the restroom

---

[2] J.O. was approximately 14 years old in August of 2009. (J.O. Dep. Doc. # 24-1 at 9).

and used the handicap-accessible stall. Id. at 95. The handicap-accessible stall, one of only two stalls in the restroom, contained a "sink straight ahead" and a "toilet on the right." Id. at 99, 123. J.O. "believes" Oken walked into the restroom at the same time he did, but Oken exited the restroom before J.O. Id. at 95, 99.

J.O. testified in his deposition that he did not see anything on the ground when he walked into the restroom, and that he did not believe that anything prevented him from seeing the entire handicap stall when he first walked through the door, although the overhead lights "were flickering, kind of." Id. at 95-96, 99. Nonetheless, after J.O. had used the restroom, he fell while stepping toward the sink.[3] Id. at 102. Specifically, J.O. claims that he fell because there was water on the ground. Id. at 102-03.

Although J.O. hypothesized in his deposition that he thinks this water "might have been coming from the sink,"

---

[3] Although immaterial to the Court's determination that summary judgment for Cracker Barrel is proper, the Court notes that J.O. has admitted to falling at a wide variety of retail establishments. In his deposition, J.O. states: "I've fallen at Wal-Mart before. I've fallen in Targets. Let's see . . . I've fallen at thrift stores, you know, like Bealls." (J.O. Dep. Doc. # 24-1 at 40). J.O. testified that he has also fallen at Macy's, Publix, the mall, and a Chinese restaurant. (Id. at 40, 76, 149).

he ultimately stated that he does not know what might have been the source of the water, and that he did not see any plumbing that was leaking. Id. at 103, 106-09. Additionally, J.O. testified that he had "no idea" how long the water had been on the ground, and that he did not know "if it had been on the ground even one minute before [he] walked into th[e] stall." Id. at 15.

On April 3, 2012, J.O.'s father answered the following in response to an interrogatory by Cracker Barrel:

> [Interrogatory] 10. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.
>
> [Oken's Answer:] A toilet had overflowed in the restroom creating an unsafe condition for anyone using the restroom. It was the responsibility of the Cracker Barrel to attend to any hazardous conditions and to warn its patrons of same. Cracker Barrel breached its duties to Plaintiff.

(Answers to Interrogs. Doc. # 26-1 at 4). J.O. testified that the toilet never overflowed while he was in the Cracker Barrel restroom, and that he never told anyone that a toilet overflowed on the day of the fall. (J.O. Dep. Doc. # 24-1 at 111). When subsequently confronted with his father's interrogatory answer that a toilet had overflowed, J.O. responded: "[T]he best thing I can think of as why --

4

as far as the toilet overflowing is there was a leak coming from the stall next to me. I thought -- I don't know. But it could have been -- because there was a guy in the other stall. I'm not sure." Id. at 115. J.O. then testified that, after he fell, he saw water on the ground in the bathroom stall next to him. Id. at 116-17.

J.O. did not speak with anyone inside the restroom before he walked out. Id. at 134. When J.O. emerged from the restroom, the first person he told of his injury was his father. Id. at 136. After learning of his son's injury, Oken asked for a manager. Id.

Igor Beglaryan was the Cracker Barrel manager on duty on the date of J.O.'s fall. (Beglaryan Dep. Doc. # 25-1 at 47). J.O. testified that he told Beglaryan "that I slipped on the floor. There was water. I told him I hit the sink on my back, head, and neck." (J.O. Dep. Doc. # 24-1 at 139). After Oken informed Beglaryan that J.O. had fallen, Beglaryan "went to check the bathroom straightaway." (Beglaryan Dep. Doc. # 25-1 at 48). Beglaryan testified: "When I went to the bathroom, I found two [wet] spots, because I was looking very closely -- two spots maybe quarter size each spot." Id. at 51. Furthermore, Beglaryan testified that, other than these two, quarter-

5

sized spots of water, he did not recall seeing any other water anywhere else in the bathroom. Id. at 52. Beglaryan testified that the toilets were not overflowing, and that nothing else was amiss in the bathroom. Id. at 71-72. Additionally, Beglaryan testified that he was "looking for skid marks, and [ ] never found [them]." Id. at 67-68.[4]

J.O. did not accompany Beglaryan back to the restroom to show him the area of the spill, and he does not believe Oken returned to the restroom to show Beglaryan the spill, either. (J.O. Dep. Doc. # 24-1 at 141). J.O. testified that, other than himself, Beglaryan is the only person who saw the condition in the restroom which caused J.O.'s fall. Id. at 151.

Oken initiated this personal injury action on January 23, 2012, by filing a Complaint in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida. (Doc. # 2). On April 11, 2012, Cracker Barrel removed the action to this Court on the basis of diversity jurisdiction. (Doc. # 1). On April 2, 2013, Cracker Barrel filed a Motion for Summary Judgment. (Doc. # 26).

---

[4] J.O. does not claim to have seen footprints or skid marks on the floor; when asked during his deposition whether "anybody [had] stepped in [the spill]," J.O. replied, "I don't know." (J.O. Dep. Doc. #24-1 at 105).

6

Oken failed to file a response to the Motion for Summary Judgment within the time prescribed by the Federal Rules of Civil Procedure, and has not filed a response at any time since. Accordingly, the Court considers the instant Motion for Summary Judgment as an unopposed motion.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on

file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

**III. Discussion**

Under Florida law, which the Court applies in this diversity case, a cause of action for negligence comprises four elements: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) the defendant's breach of that duty, (3) a causal connection between the defendant's breach and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. See Clay Elec. Co-op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003); Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). "In Florida, a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." Emmons v. Baptist Hosp., 478 So. 2d 440, 442 (Fla. 1st DCA 1985); see also Delgado, 65 So. 3d at 1089.

Given this context, "[t]he movant for summary judgment in a negligence action must demonstrate as a matter of law either that there is no negligence or that the sole proximate cause of the injury was the plaintiff's

9

negligence." Smith v. Grove Apartments, LLC, 976 So. 2d 582, 585 (Fla. 3d DCA 2007). "'To establish that there was no negligence the movant must demonstrate that there is no duty owed to the plaintiff or that it did not breach a duty which is owed.'" Id. (quoting Bryant v. Lucky Stores, Inc., 577 So. 2d 1347, 1349 (Fla. 2d DCA 1990)).

At the time of J.O.'s fall, Fla. Stat. § 768.0710, which encompassed both duties owed by a landowner to a business invitee, applied to negligence claims such as Oken's. That statute, entitled "Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises," provided:

> In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
>
> (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
>
> (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be

   considered together with all of the evidence . . . .

Fla. Stat. § 768.0710(2). However, on July 1, 2010, section 768.0710 was repealed, and section 768.0755 took effect. That provision, entitled "Premises liability for transitory foreign substances in a business establishment," states:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1).

This Court need not determine which statute applies in the instant case, in which the cause of action accrued before the repeal of section 768.0710, because the Court finds that Cracker Barrel's Motion for Summary Judgment is due to be granted regardless of which burden is imposed upon Oken in this negligence action. Specifically, summary

judgment is appropriate because the record is undisputed that Cracker Barrel did not breach its duty to Oken.

The evidence in this case consists entirely of (1) the deposition of J.O. (J.O. Dep. Doc. # 24-1), (2) the deposition of Cracker Barrel manager Igor Beglaryan (Beglaryan Dep. Doc. # 25-1), and (3) Oken's interrogatory answers (Answers to Interrogs. Doc. # 26-1). Based on this evidence, Cracker Barrel has established that a manager routinely inspects the restrooms every hour (Beglaryan Dep. Doc. # 25-1 at 39), and that even J.O. agrees he has no knowledge as to whether the water was on the floor even one minute before his alleged fall (J.O. Dep. Doc. # 24-1 at 105).

Additionally, Beglaryan testified that there were no "skid marks" in the area of the alleged fall, and J.O. testified that he did not know whether anyone had stepped in the spill before he slipped on it. (Id.; Beglaryan Dep. Doc. # 25-1 at 67-68). The record is devoid of evidence suggesting that the area of the spill was dirty or contained visible track marks, and Oken has offered no evidence to show how long the water had been on the floor. Additionally, Beglaryan testified that he had no knowledge prior to J.O.'s fall that there might be any problems with

the bathroom. (Beglaryan Dep. Doc. # 25-1 at 72). Thus, the Court has found nothing in the record to suggest that Cracker Barrel had actual or constructive notice of the water on the floor. See Sammon v. Target Corp., No. 8:11-cv-1258-T-30-EAJ, 2012 WL 3984728, at *3 (M.D. Fla. Sept. 11, 2012) (granting summary judgment for the defendant where the Court found "nothing to suggest that [the defendant] had actual or constructive notice of the Substance . . . . [The evidence showed] that the Substance appeared to be *clean* water. [Plaintiff] did not observe any track marks in the Substance, which is evidence suggesting that the Substance had not previously been walked through . . . . There [was] also no evidence suggesting how long the Substance was on the floor . . . .") (emphasis in original); see also Broz v. Winn-Dixie Stores, Inc., 546 So. 2d 83, 83 (Fla. 3d DCA 1989) (affirming summary judgment for the defendant where "[t]here was no evidence to indicate that the grape had been on the floor for any length of time such as thawing, cart tracks, footprints or other indicia of constructive notice").

"The plaintiff has the burden of proof to show the negligence of the defendant. In order to get to the jury, there must be some evidence of negligence." Winn Dixie

13

Stores, Inc. v. Gaines, 542 So. 2d 432, 432 (Fla. 4th DCA 1989). "This evidence may be, but seldom is, direct testimony that an employee caused the debris to be on the floor. More commonly the showing is that the debris remained on the floor a sufficient length of time to support an inference that the defendant knew or should have known of the unsafe condition." Id. at 432-33.

"Importantly, negligence may not be inferred from the mere happening of an accident alone." Sammon, 2012 WL 3984728, at *3 (internal quotation omitted). "The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable." Id. (citing Gordon v. Target Corp., No. 07-80412-CIV, 2008 WL 2557509, at *4 (S.D. Fla. June 23, 2008)).

The Court acknowledges that "issues of negligence should not usually be decided on summary judgment." Kelly v. Ill. Cent. R.R. Co., 464 F.2d 446, 447 (5th Cir. 1972). However, in this case, granting summary judgment for Cracker Barrel is appropriate because Cracker Barrel has satisfied its burden by identifying those portions of the evidence on file that, according to Cracker Barrel, demonstrate the absence of a genuine issue of material fact

14

as to whether Cracker Barrel breached a duty owed to Oken. By making this initial showing, Cracker Barrel shifted the burden to Oken to go beyond the pleadings and indicate other portions of the record that would show there was indeed a genuine issue of fact regarding the breach-of-duty issue. Oken has declined to do so. Thus, in the words of section 768.0710(2)(b), Oken has failed to prove that Cracker Barrel "acted negligently by failing to exercise reasonable care."

### IV. Conclusion

Oken has failed to go beyond the pleadings and demonstrate the existence of a genuine issue of material fact with regard to Cracker Barrel's alleged negligence. After reviewing the entire record and considering the merits of the claim, the Court finds no evidence supporting the contention that Cracker Barrel breached a duty owed to Oken. Accordingly, the Court grants Cracker Barrel's Motion for Summary Judgment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Summary Judgment is **GRANTED.** The Clerk is directed to enter judgment in favor of Defendant.

(2) The Clerk is further directed to terminate any pending motions and thereafter to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of May, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record